JAP:NR

UNITED STATES DISTRICT COURT　　**12 M 436**
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA　　　　C O M P L A I N T

　　　- against -　　　　　　　(21 U.S.C. §§ 841 and
　　　　　　　　　　　　　　　846)

OMAR MEDINA,
　　　also known as
　　　"Diego,"

　　　　　　　Defendant.

- - - - - - - - - - - - - - - -X

EASTERN DISTRICT OF NEW YORK, SS:

　　　　JOSEPH DOHERTY, being duly sworn, deposes and states

that he is a Special Agent with the Drug Enforcement

Administration ("DEA"), duly appointed according to law and

acting as such.

　　　　Upon information and belief, on or about May 2, 2012,

within the Eastern District of New York, the defendant OMAR

MEDINA, did knowingly and intentionally attempt to possess with

intent to distribute a controlled substance, which offense

involved 5 kilograms or more of a mixture or substance containing

a detectable amount of cocaine, a Schedule II controlled

substance, in violation of Title 21, United States Code, Sections

841(a)(1) and 841 (b)(1)(A).

　　　　(Title 21, United States Code, Sections 841 and 846)

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I have been a Special Agent with the DEA for approximately 12 years. My information in this case comes from a review of DEA records and my direct participation in the investigation.

2. Beginning on or about April 23, 2012, a confidential source known by the DEA to be a reliable source of information ("CS") began to engage in a series of consensually recorded phone calls with an individual seeking to purchase cocaine (hereinafter "Co-conspirator #1"). Pursuant to those calls, the CS and Co-conspirator #1 agreed to meet at a Burger King restaurant in Queens, New York (the "Burger King") on or about May 1, 2012.

3. On or about May 1, 2012, the CS and Co-conspirator #1 met at the Burger King. The meeting was electronically monitored and recorded. At that meeting, Co-conspirator #1 agreed, in sum and substance and in part, to purchase at least five kilograms of cocaine from the CS at a price of between $25,000 and $26,000 per kilogram.

4. On or about May 2, 2012, the CS and

---

[1]    Because the purpose of this Complaint is to state only probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

2

Co-conspirator #1 engaged in a series of consensually recorded phone calls in which Co-conspirator #1 indicated that he had the money and was prepared to purchase cocaine. The CS and Co-conspirator #1 arranged to meet at the Burger King at approximately 1:00 p.m. on May 2, 2012.

5.    At approximately 2:00 p.m., the CS met with the defendant, OMAR MEDINA, known to the CS as "Diego," at the Burger King restaurant. This meeting was electronically monitored.[2/] The defendant stated, in sum and substance and in part, that had come to the meeting on behalf of Co-conspirator #1. He further stated that he had sufficient funds to purchase five kilograms of cocaine at that time. When the CS indicated that CS was prepared to sell ten kilograms of cocaine, the defendant indicated that he would attempt to obtain more money.

6.    The defendant left the area. He and the CS subsequently engaged in a series of telephone calls, which were recorded. In the final call, he indicated that he had returned to the Burger King and was ready to complete the transaction.

7.    Subsequently, at approximately 4:10 p.m., the defendant arrived at the Burger King and returned inside the restaurant. He met with the CS and the meeting was surveilled by

---

[2/]    An attempt to record this meeting was unsuccessful.

3

law enforcement agents.²/  The defendant stated, in sum and substance and in part, that he had $170,000 in U.S. currency in a car located outside.  The CS stated that the CS wanted to view the currency and the defendant agreed.

8.   The defendant walked with the CS to a vehicle located outside the Burger King and the CS observed currency inside a backpack inside the vehicle.

9.   At that point, law enforcement agents arrested the defendant and seized the currency present in the vehicle.  The currency was sealed in plastic.  The amount of currency in the sealed plastic was consistent with the defendant's representation that he had there was $170,000 in cash in the vehicle.

10.  Subsequent to his arrest, the defendant was advised of his _Miranda_ rights.  He read and signed a written waiver of those rights.  The defendant then gave a statement that, in sum and substance and in part, he brought $170,000 to the Burger King with the intention of purchasing 8 kilograms of cocaine.

---

²/   Attempts to record and electronically monitor this meeting were unsuccessful.

WHEREFORE, your deponent respectfully requests that the defendant OMAR MEDINA, also known as "Diego," be dealt with according to law.

JOSEPH DOHERTY
Special Agent,
Drug Enforcement Administration

Sworn to before me this
3rd day of May, 2012

ROBERT M. LEVY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK